# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Neil Williams,**
**Petitioner Below, Petitioner**

**FILED**

September 19, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0351** (Kanawha County 13-C-2225)

**Harold McBride, McDowell County Commissioner;**
**Jim Rubenstein, Commissioner, Division of Corrections;**
**Dennis Dingus, Warden, McDowell County Correctional Center; and**
**Nurse Murphy and Dr. K. Jones, medical providers at McDowell**
**County Correctional Center; Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Neil Williams, appearing *pro se*, appeals the March 26, 2014, order of the Circuit Court of Kanawha County that dismissed, without prejudice, his civil action because (1) petitioner failed to comply with the pre-suit requirements of West Virginia Code § 55-17-3; and (2) the issue raised by petitioner is now moot as he is currently receiving his prescribed medications. Respondent Jim Rubenstein, Commissioner, Division of Corrections ("Respondent Rubenstein"), by counsel Kevin J. Robinson, filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at McDowell County Correctional Center ("correctional center"). On November 20, 2013, petitioner filed a motion for a preliminary injunction in the Circuit Court of McDowell County against Respondent Rubenstein and the other officials responsible for his custody and care. In his motion, petitioner alleged, in pertinent part, that Respondent Rubenstein, the warden, the unit team, and the medical providers at the correctional center "[have] failed to provide the prescribed medications for the serious medical need to treat thyroid dysfunction in a continuous and reliable manner." Petitioner subsequently followed up his motion for a preliminary injunction by filing a complaint.

Because Respondent Rubenstein was a named defendant, the Circuit Court of McDowell County transferred petitioner's action to the Circuit Court of Kanawha County. The Circuit Court of Kanawha County ("circuit court") later found that petitioner's action sought relief, as follows:

---

[1] None of the other respondents filed a response.

1

(1) court monitoring of the ordering and dispensing of medications at the correctional center; (2) an investigation into whether other inmates have been deprived of crucial medications; (3) a $1,000 payment to petitioner by each defendant as a "punitive assessment"; (4) attorney's fees and court costs; and (5) a declaratory judgment.

Respondent Rubenstein filed a motion to dismiss the action asserting that petitioner failed to comply with the pre-suit requirements of West Virginia Code § 55-17-3.[2] The circuit court held a hearing on Respondent Rubenstein's motion on March 20, 2014.[3] Based on the parties' representations at the hearing, the circuit court dismissed, without prejudice, petitioner's action because (1) petitioner failed to comply with West Virginia Code § 55-17-3; and (2) the issue raised by petitioner is now moot as he is currently receiving his prescribed medications.

Petitioner now appeals the circuit court's March 26, 2014, order dismissing his action without prejudice. We review a circuit court's order granting a motion to dismiss *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006) (internal quotations and citations omitted). Furthermore, in deciding whether to address technically moot issues, we consider three factors, as follows: (1) whether sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) whether questions of great public interest—technically moot in the immediate context—need to be addressed for the future guidance of the bar and of the public; and (3) whether an issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting and determinate nature. *See* Syl. Pt. 1, *Israel by Israel v. W.Va. Secondary Schools Activities Comm'n,* 182 W.Va. 454, 388 S.E.2d 480 (1989).

On appeal, petitioner argues that the issue between the parties is not resolved merely because the deprivation of his prescribed medications has now ceased given that the period of deprivation—a delay of five days—caused him ill effects. Respondent Rubenstein counters that the circuit court correctly found that petitioner's action has been rendered moot because petitioner is now receiving his medications. We agree.[4]

---

[2] Because the other respondents failed to answer his complaint, petitioner filed a motion for default judgment against them. On March 11, 2013, the other respondents filed a response arguing that they had no obligation to answer petitioner's complaint until the circuit court (1) ruled on Respondent Rubenstein's motion to dismiss; and (2) prescreened petitioner's complaint pursuant to the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 through 25-A-8.

[3] Petitioner appeared at the hearing by telephone.

[4] While the parties dispute whether petitioner needed to satisfy the pre-suit requirements of West Virginia Code § 55-17-3, we find that we do not need to resolve that issue because the fact that petitioner's case has been rendered moot constitutes a sufficient basis on which to affirm the

We find that, because petitioner is now receiving his prescribed medications, a decision in petitioner's favor would avail him nothing. Furthermore, while adequate access to his necessary medications is understandably important to petitioner, petitioner's case presents no question of great public interest that needs to be addressed for the benefit of the bar and the public. We note that we have previously established a standard for judging whether a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need.[5] With the standard already established, the circuit court is capable of adjudicating any subsequent claim, alleging a new deprivation of petitioner's prescribed medications, that petitioner remains free to file because the court's dismissal of his action was without prejudice. Thus, we find that the circuit court's dismissal does not cause petitioner to suffer any collateral consequences sufficient to justify our adjudication of a moot question. Similarly, the fact that an alleged deprivation may be too fleeting to allow for appellate review is of less importance when the standard for measuring the seriousness of any deprivation has already been provided by this Court for the circuit court to utilize. Therefore, we conclude that the circuit court did not err in dismissing petitioner's action without prejudice because it has been rendered moot.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

circuit court's dismissal. *See* infra.

[5] In Syllabus Point 5 of *Nobles v. Duncil*, 202 W.Va. 523, 505 S.E.2d 442 (1998), this Court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness."